UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION
CASE NO. 13-cv-78-HJW-JGW

**CHRISTOPHER F. CASTANIAS**                          **PLAINTIFF**

v.

**WARREN COUNTY OHIO CHILD SUPPORT**          **DEFENDANTS**
**ENFORCEMENT AGENCY, et al.**

### REPORT AND RECOMMENDATIONS

Before the Court is defendants' motion to dismiss, wherein they argue that plaintiff's claims were already fully adjudicated and disposed of by Judge Weber in a previous action, case number 11-cv-296. Doc. 3. Plaintiff has not responded to defendants' motion to dismiss. For the foregoing reasons, the Court will recommend granting defendants' motion.

On January 13, 2012, plaintiff filed an amended complaint in this Court in case number 11-cv-00296, Doc. 31. Defendants filed a motion to dismiss in that matter on January 31, 2012. 11-296, Doc. 33. On April 20, 2012, this Court issued a report and recommendation that plaintiff's federal claims be dismissed with prejudice and his state law claims be dismissed without prejudice. *Id.* at Doc. 48. On September 12, 2012, Judge Weber adopted and incorporated by reference the R&R. *Id.* at Doc. 55. Plaintiff filed a motion for reconsideration. *Id.* at Doc. 57. On December 17, 2012, this Court again issued an R&R denying plaintiff's motion for reconsideration (*Id.* at Doc. 65), which Judge Weber again adopted (*Id.* at Doc. 69).

Meanwhile, on January 3, 2013, plaintiff filed a nearly identical complaint against the same defendants, this time in the Warren County Court of Common Pleas. Doc. 2. Plaintiff's

complaint actually references this Court's most recent R&R, stating, "Plaintiff initially filed his complaint in the United States District Court, Southern District of Ohio, Western Division, however in a Report and Recommendation filed December 17, 2012, that court declined jurisdiction over plaintiff's claims, allowing plaintiff to pursue his claims in state court if he wished[.]" *Id*. at 2. Other than this sentence, the entire complaint is exactly the same as the amended complaint plaintiff filed in his prior action. Defendants removed the case to federal court (Doc. 1) and now seek an order re-adopting this Court's previous findings, dismissing the federal claims once again, and advising plaintiff that he may only re-file his state claims in state court, if he chooses, and may not include his already dismissed federal claims.

Because plaintiff's claims are identical to those which the Court heard and adjudicated in case number 11-296, they should be dismissed under the doctrine of *res judicata*. As plaintiff's federal claims - in other words, plaintiff's claims for violations of federal law or the United States Constitution - were previously dismissed with prejudice by Judge Weber, he may not re-file those claims in either federal or state court. On the other hand, plaintiff's state claims - in other words, plaintiff claims for violations of state law - were previously dismissed without prejudice by Judge Weber, meaning plaintiff may, if he so chooses, re-file only those state law claims in state court. Accordingly,

**IT IS RECOMMENDED**:

Defendants' motion to dismiss [Doc. 3] should be **GRANTED**, plaintiff's federal claims should be dismissed with prejudice, and plaintiff's state law claims should be dismissed without prejudice.

Particularized objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service or further appeal is waived. Fed.

R. Civ. P. 72(b)(2); *see also U.S. v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984), *aff'd*, 474 U.S. 140, 155 (1985).  A general objection that does not "specify the issues of contention" is not sufficient to satisfy the requirement of a written and specific objection.  *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (citing *Howard v. Secretary of HHS*, 932 F.2d 505, 508-09 (6th Cir. 1991)).  Poorly drafted objections, general objections, or objections that require a judge's interpretation should be afforded no effect and are insufficient to preserve the right of appeal.  *Howard*, 932 F.2d at 509.  A party may respond to another party's objections within fourteen days of being served with a copy of those objections.  Fed. R. Civ. P. 72(b)(2).

      This the 29th day of May, 2013.                    s/ J. Gregory Wehrman
                                                                                    J. Gregory Wehrman
                                                                                    United States Magistrate Judge